KIRSCH, Judge, dissenting.
[44] I respectfully dissent.
[45] In United States v. Graham, the United States Court of Appeals for the Fourth Circuit, sitting en banc, held that individuals do not have a reasonable expectation of privacy in historical cell-site location records maintained by cell phone providers. 824 F.3d 421, 426-27 (4th Cir.2016). As a result, the government’s acquisition of such data from the defendant’s *268 cellular providers, without a warrant, did not violate the Fourth Amendment to the United States Constitution. Id. at 427-28.
[46] In so holding, the Court joined the United States Courts of Appeals for the Sixth Circuit in United States v. Carpenter, 819 F.3d 880 (6th Cir.2016), the Eleventh Circuit in United States v. Davis, 785 F.3d 498 (11th Cir.2015) (en banc), cert. denied, — U.S. -, 136 S.Ct. 479, 193 L.Ed.2d 349 (2015), and the Fifth Circuit in In re Application of U.S. for Historical Cell Site Data, 724 F.3d 600 (5th Cir.2013), and the “vast majority of federal district court judges [who] have reached the same conclusion.” Graham, 824 F.3d at 428.
[47] In Graham, the Court followed United States Supreme Court precedent which “mandates this conclusion.” Id. at 425. The precedent cited was Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220(1979), where the Court held an individual has no Fourth Amendment protection “in information he voluntarily turns over to [a] third part[y].” Smith, 442 U.S. at 743-44, 99 S.Ct. 2577.
[48] Although I share the concerns of my colleagues regarding the tensions arising from the constantly mushrooming technology, the government here did not transgress the defendant’s reasonable expectations, and I would affirm his convictions for two counts of robbery with a deadly weapon as Level 3 felonies, two counts of unlawful possession of a firearm as a serious violent felon as Level 4 felonies, and his adjudication as a habitual offender.